## IN THE COURT OF APPEALS OF IOWA

No. 14-0080
Filed March 12, 2014

**IN THE INTEREST OF A.P.,**
    Minor Child,

**M.P., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

J. David Zimmerman, Clinton, for appellant father.

Clayton Grueb, Davenport, for mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Mike Wolf, County Attorney, and Cheryl J. Newport, Assistant County Attorney, for appellee State.

Jennifer Olsen, Davenport, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ. Tabor, J., takes no part.

**DANILSON, C.J.**

The father appeals the termination of his parental rights. We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

A.P. was born in 2002. Due to allegations of sexual abuse by the mother's paramour, A.P. was removed from her mother's custody in January 2012, and child-in-need-of-assistance (CINA) proceedings were commenced. After several unsuccessful placements, A.P. was placed in her current foster home. She is doing well in that pre-adoptive placement.[1]

The extent of the father's relationship was summarized in a June 25, 2013 foster care review board report,

> Kathy [Kilburg, a department of human services (DHS) case manager] reported [A.P.] has never had contact with her biological father. She knows his name is Mike. When DHS initially become involved with the family [A.P.'s] father was invited to a family team meeting. Mike brought a birthday card and presents for [A.P.] Mike is now incarcerated for attempted murder and he has a lengthy criminal history.

On December 24, 2013, Mike's parental rights were terminated pursuant to Iowa Code section 232.116(1)(b), (d), (e), and (f) (2013).[2] He now appeals.

---

[1] A.P.'s mother eventually consented to the termination of her parental rights.
[2] Section 232.116(1) allows termination of parental rights where:
    b. The court finds that there is clear and convincing evidence that the child has been abandoned or deserted.
    . . . .
    d. The court finds that both of the following have occurred:
    (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.

The father does not contest any of the grounds for termination, which include abandonment and lack of significant and meaningful contact. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("The first step in our analysis is to determine if a ground for termination exists under section 232.116(1). Because the father does not dispute the existence of the grounds . . ., we do not have to discuss this step."). He contends only that termination is not in the child's best interest because he might be granted parole in the near future.

A.P. is now twelve years old. She has never had any contact with her biological father and has no bond with him. She is placed with a pre-adoptive family where she is doing well. Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the

---

(2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.
e. The court finds that all of the following have occurred:
(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
(3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. . . .
f. The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

child," Iowa Code § 232.116(2), we agree with the juvenile court that termination and adoption is in this child's best interests. *See P.L.*, 778 N.W.2d at 41 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."). We therefore affirm.

**AFFIRMED.**